CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

OCT 16 2009

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| STONEY MEADOWS, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:09cv00400 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| LT. ESTEP, et al., | ) | By: Samuel G. Wilson |
|     Defendant. | ) | United States District Judge |

Plaintiff, Stoney Meadows, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, claiming that the defendants denied him medical treatment. The court finds that Meadows' allegations fail to state a claim of constitutional magnitude and, therefore, dismisses his complaint.

## I.

Meadows claims that at 7 p.m. on July 20, 2009, he asked Officers Edwards, Marney, and Yates and Nurse Judy for a breathing nebulizer[1]; however, he claims that he did not receive it until 4 p.m. the next day. Meadows also alleges that a similar incident occurred again several days later where he asked for a nebulizer and did not receive it for hours.

Meadows also states that he has an inhaler but does not believe that the inhaler is strong enough. He says that he has asked the doctor for a stronger inhaler, but the doctor refuses to give him one.

Meadows claims that, on various occasions, he has asked Nurse Ron Adkins and Officers Kelly, Colley, Greer, Daniels, Marney, and Marshall to take him to the medical unit for treatment, but his requests were ignored. He concedes that he ultimately did get treatment each time, but states

---

[1] Meadows states that he needs a breathing nebulizer to "loosen [his] lungs and let the medicine . . . get deeper into the lungs allowing . . . [him] to breath easier."

that he typically has to wait 4 to 6 hours and sometimes up to a whole day to receive treatment.

The court conditionally filed Meadows complaint and gave him an opportunity to amend his complaint to particularize the facts of his claim. In response, Meadows states that he has "no way to say what damage waiting [for treatment] has caused." Meadows claims that he does have "more trouble with his throat and stomach" which he "think[s]" is because he has to use his inhaler more often. He states that he told the doctor about his throat and stomach problems and the doctor gave him antacids and twice gave him an oral steroid.

## II.

In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need.[2] Estelle v. Gamble, 429 U.S. 97, 104 (1976). A delay in receiving medical care, with no resulting injury, does not violate the Eighth Amendment. See Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 19993); Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993); Wynn v. Mundo, 367 F. Supp. 2d 832, 838 (M.D.N.C. 2004). Further, a claim regarding a disagreement between an inmate and medical personnel over diagnosis or course of treatment and allegations of malpractice or negligence in treatment do not state cognizable constitutional claims under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Estelle, 429 U.S. at 105-06.

In this case, Meadows does not allege any injury from the delays in receiving his nebulizer or other medical treatment and, therefore, does not state an Eighth Amendment claim regarding the

---

[2] To establish deliberate indifference, a plaintiff must present facts to establish that the defendants had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); see also Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). "'A serious medical need' is 'one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Shelton v. Angelone, 183 F. Supp. 2d 830, 840 (W.D. Va. 2002) (quoting Cox v. District of Columbia, 834 F. Supp. 439, 441 (D. D.C. 1992)).

2

delays in treatment. Further, to the extent he believes he needs a stronger inhaler, his claim is nothing more than a doctor-patient disagreement, which also does not state an Eighth Amendment claim. Accordingly, the court finds that Meadows has failed to state a claim of constitutional magnitude.[3]

## IV.

For the reasons stated herein, the court dismisses Meadows' complaint pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim.

**ENTER**: This 16th day of October, 2009.

_____
United States District Judge

---

[3] Moreover, the court notes that after being given the opportunity to amend his petition to name defendants in this action, Meadows only names Lt. Rod Estep and Cpt. Doug Baker, both non-medical supervisory personnel, as defendants. He claims that both Lt. Estep and Cpt. Baker "allowed officers under [their] supervision to deny [Meadows] access to medical treatment . . . in an appropriate time." However, a medical treatment claim cannot be brought against a supervisory official absent an allegation that the official was personally connected with the denial of medical treatment. Vinnledge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977). Inasmuch as Meadows' allegations fail to state a claim, the court finds that Lt. Estep and Cpt. Baker cannot be held liable in their supervisory capacity.